GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* HERNÁNDEZ
ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action
of Ejectment.—Nullity of Attachment.

No. 2684.—Decided July 20, 1922.

ATTACHMENT—SECOND ATTACHMENT.—Although section 13 of the Act to secure
the effectiveness of judgments prescribes that the attachment shall have
no effect in the cases therein mentioned, the said act does not expressly pro-
vide that a new attachment may not be levied when the former attachment
was dissolved on the motion of the defendants with the acquiescence of the
plaintiffs, and the latter can not be denied this right which the law gives
them.

The facts are stated in the opinion.
*Mr. A. Marín Marién* for the appellants.
*Mr. L. Méndez Vaz* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiffs were granted an attachment to secure the
effectiveness of the judgment that might be rendered in their
favor in the action. During the pendency of the action
they moved for and obtained an extension of time without
alleging any reason therefor. Then the defendants moved
the court to dissolve the said attachment under the provi-
sions of section 13 of the Attachments Act of March 1, 1902,
according to which every attachment shall be void if the suit
be suspended on petition of the party in whose favor the
remedy was granted; or if the date fixed by the court for
the hearing be extended on the petition of the said party,
except in case the petition for suspension of proceedings or
extension of time be based upon *vis major* properly proved.

This motion having been filed on January 9, 1922, the plain-
tiffs assented to it on the 14th and on that day moved for and
were granted a new order of attachment, which was levied on
the same properties which formerly had been attached. On
the 16th the defendants moved to set aside the second order

of attachment on the ground that as the first attachment had been dissolved, the plaintiffs could not move for and obtain a new attachment to secure the effectiveness of the judgment, in accordance with said section 13 of the Act. Sustaining this motion, the court set aside the order of attachment of the 14th of January, and from that ruling the present appeal was taken by the plaintiffs.

What section 13 of the said Act provides is that the attachment shall be void in the cases therein enumerated, and the plaintiffs admitted this by assenting to the motion made by the defendants to that effect; but it does not provide that thereafter another attachment may not be moved for and granted. In case that for any reason an attachment be dissolved or annulled, the party who obtained it will suffer the consequences of that ruling, as, for example, that another creditor may levy an attachment, or that the defendant may alienate his property, etc., but there being no express provision of law to the effect that another attachment may not be levied, a plaintiff can not be denied that right which the law confers upon him. If that ruling should have the effect attributed to it by the appellees, it would be sufficient for the plaintiffs to bring a new action with an attachment and withdraw the former action.

For these reasons the order of February 6, 1922, dissolving the attachment granted on the 14th of January of the same year should be

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.